**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **NORMAN J. LANDRY, #387026** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO.  4:22cv324** |
| | § | |
| **JAMES SKINNER** | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

*Pro se* Petitioner Norman J. Landry filed the above-numbered petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petition was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case pursuant to 28 U.S.C. § 636, and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge.

On April 20, 2022, the Court ordered Petitioner to either pay the $5.00 filing fee or submit an *in forma pauperis* data sheet within thirty days. (Dkt. #4). The record shows that Petitioner acknowledged receipt of the Order on April 27, 2022. (Dkt. #5). Thus, it has been over thirty days since Petitioner received the Order. As of this date, Petitioner has not paid the filing fee or submitted an *in forma pauperis* data sheet. He has failed to prosecute his case.

The exercise of the power to dismiss for failure to prosecute is committed to the sound discretion of the court, and appellate review is confined solely in whether the court's discretion was abused. *Green v. Forney Eng'g Co.*, 589 F.2d 243, 247 (5th Cir. 1979); *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978). Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also, *sua sponte*, dismiss an action whenever necessary to achieve the orderly and expeditious disposition of cases. *Anthony v. Marion*

1

*Cnty. Gen. Hosp.*, 617 F.2d 1164, 1167 (5th Cir. 1980). Petitioner has failed to comply with the Court's Order; therefore, the case should be dismissed for failure to prosecute.

## RECOMMENDATION

It is recommended the § 2241 petition for habeas corpus be dismissed without prejudice. Fed. R. Civ. Proc. 41(b). Within fourteen days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 1st day of June, 2022.**

KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE

2